UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASHANDA PAYTON, | No.  2:15-cv-2270 DB P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| SACRAMENTO COUNTY SHERIFF, | |
| Defendant. | |

Plaintiff, acting pro se, has filed a civil rights action under 42 U.S.C. § 1983.  Plaintiff alleges that an unlawful body search was conducted on her and other female inmates by male correctional officers when she was incarcerated at the Rio Consumnes Correctional Center ("RCCC") in 2015.  Before the court are plaintiff's application to proceed in forma pauperis and consideration of plaintiff's complaint.  Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 5.)  For the reasons set forth below, this court will order plaintiff to show cause why this case should not be dismissed for her failure to exhaust administrative remedies.

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Compliance with deadlines and other critical prison grievance rules is required to exhaust.  Woodford v. Ngo, 548 U.S. 81, 90

1

(2006) (exhaustion of administrative remedies requires "using all steps that the agency holds out, and doing so properly"). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,'—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88); see also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'" (quoting Jones, 549 U.S. at 218)).

Although "the PLRA's exhaustion requirement applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), the requirement for exhaustion under the PLRA is not absolute, Albino v. Baca, 747 F.3d 1162, 1172-72 (9th Cir. 2014) (en banc). As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative remedies plainly unavailable if grievance was screened out for improper reasons); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."). "We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez, 591 F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

A complaint may be dismissed for failure to exhaust if the failure to exhaust is obvious from the face of the complaint. Albino, 747 F.3d at 1169. See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal"), overruled on other grounds by Albino, 747 F.3d at 1166; Morehead v. Kern Valley State Prison, No. 1:16-cv-0408 MJS (PC), 2016 WL 3136034, at *2 (E.D. Cal. June 2, 2016) (relying on Albino and dismissing the complaint on screening because it was clear from

////

the face of the plaintiff's complaint that he had conceded that he failed to exhaust all available administrative remedies before he commenced the action).

In the present case, plaintiff checked the boxes showing that RCCC had a grievance procedure and that she did not file a grievance before bringing this suit. (Compl. (ECF No. 1) at 2.) Accordingly, it appears that plaintiff has failed to exhaust her administrative remedies and this suit must be dismissed. The court will provide plaintiff an opportunity to show cause why this case should not be dismissed. If the court determines plaintiff may proceed with this action, the court will then render a decision on plaintiff's request to proceed in forma pauperis.

For these reasons, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall file a document entitled "Response to Order to Show Cause" explaining why this case should not be dismissed for failure to exhaust administrative remedies. Plaintiff's failure to file a Response to Order to Show Cause or otherwise respond to this order will result in dismissal of this action.

Dated: March 14, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/payt2270.scrn